**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TANIA GOLKAR, | No. 11-57044 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-04845-JFW-FFM |
| v. | Central District of California, Los Angeles |
| JOHN F. KERRY, United States Secretary of State; UNITED STATES DEPARTMENT OF STATE; JEH JOHNSON, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; LORETTA E. LYNCH, Attorney General, | ORDER |
| Defendants - Appellees. | |

Before: PREGERSON and FISHER, Circuit Judges and DANIEL,[*] Senior District Judge.

The Memorandum Disposition filed on April 18, 2014, is amended as follows: replace footnote 3 on page 5 with the following text:

The government argues that, under 8 U.S.C. § 1182(b)(3), a consular officer is not required to provide *any* written "notice stating the determination or listing the specific provision or

_____

[*] The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.

provisions of law under which that alien is inadmissible if the alien is inadmissible under 8 U.S.C. §§ 1182(a)(2) or (3)." But the Golkars only learned the visa was denied under § 1182(a)(3) after their congressman informed them of that fact years later; in the denial itself, the consular officer simply cited to § 1182(a). It is therefore impossible to know from the face of the denial whether the consular officer complied with a mandatory procedure. *See* 8 U.S.C. § 1182(b)(1) ("[T]he officer shall provide the alien with a timely written notice that . . . lists the specific provision or provisions of law under which the alien is inadmissible"). Contrary to the government's argument, this case stands apart from *Kerry v. Din*, 135 S. Ct. 2128 (2015). There, the consular officer informed the visa applicant that his visa was denied under § 1182(a)(3)(B), and the Court concluded that under § 1182(b), the consular officer was not required to provide any more specific information than that. *See id.* at 2141. Here, the denial cited no subsection of § 1182(a) at all.

The Petition for Panel Rehearing is otherwise DENIED, and no further petitions for rehearing will be accepted.